IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD A. ANDREOLLI, JR.,      )
                                )
          Plaintiff,            )
                                )
     vs.                        )  Civil Action No. 07-1632
                                )
COMMISSIONER OF SOCIAL          )
SECURITY,                       )
                                )
          Defendant.            )

**MEMORANDUM OPINION**

## I. INTRODUCTION

Plaintiff, Richard A. Andreolli, Jr., seeks judicial review

of a decision of defendant, Commissioner of Social Security ("the

Commissioner"), denying his applications for disability insurance

benefits ("DIB") and supplemental security income ("SSI") under

Titles II and XVI, respectively, of the Social Security Act.[1]  42

U.S.C. §§ 401-433 and 1381-1383f.  Presently before the Court are

the parties' cross-motions for summary judgment pursuant to Rule

56 of the Federal Rules of Civil Procedure.  For the reasons set

---

[1]The Social Security system provides two types of benefits
based on an inability to engage in substantial gainful activity:
the first type, SSI, provides benefits to disabled individuals
who meet low-income requirements regardless of whether the
individuals have ever worked or paid into the Social Security
system, and the second type, DIB, provides benefits to disabled
individuals who have paid into the Social Security system through
past employment.  Belcher v. Apfel, 56 F.Supp.2d 662 (S.D.W.V.
1999).  For purposes of DIB, Plaintiff met the insured status
requirements of the Social Security Act through December 31,
2007.  (R. 16).

1

forth below, Plaintiff's motion for summary judgment will be denied, and the Commissioner's cross-motion for summary judgment will be granted.

## II.   **Background**

Plaintiff filed applications for DIB and SSI in March 2005, alleging disability since December 23, 2003 due to severe pain in his right buttock and right leg.  (R. 99-101, 110-11, 222-24). The reviewing State agency denied Plaintiff's applications, and he requested a hearing before an Administrative Law Judge ("ALJ").  (R. 83).  At the hearing, which was held on August 2, 2006, Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified.  (R. 31-67).

On September 28, 2006, the ALJ issued a decision denying Plaintiff's applications for DIB and SSI based on his conclusion that Plaintiff retained the residual functional capacity ("RFC") to perform work existing in significant numbers in the national economy.[2]  (R. 16-23).  Plaintiff requested review of the ALJ's decision; however, the Appeals Council denied the request on July 25, 2007.  (R. 5-7, 11).  Thus, the ALJ's decision became the final decision of the Commissioner.  This appeal followed.

The Court's review of the Commissioner's decision is limited to determining whether the decision is supported by substantial

---

[2]RFC is the most a disability claimant can still do despite his or her limitations. Hartranft v. Apfel, 181 F.3d 358, 359 n. 1 (3d Cir.1999)(citing 20 C.F.R. § 404.1545(a)).

evidence, which has been described as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). It consists of something more than a mere scintilla, but something less than a preponderance. Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir.1979). Even if the Court would have decided the case differently, it must accord deference to the Commissioner and affirm the findings and decision if supported by substantial evidence. Monsour Medical Center v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir.1986).

## III.  Facts

Plaintiff's date of birth is April 8, 1969. He was 37 years old at the time of the hearing before the ALJ. Plaintiff is a high school graduate. In addition, Plaintiff has an Associate's Degree in industrial electronics. In the past, Plaintiff has been employed as an electrician's helper (2002), an electronic equipment assembler (1999-01), a machine operator/supervisor for a container company (1997-98) and a press operator for a company that manufactured corrugated boxes (1990-96). Plaintiff's most recent employment as an electrician's helper ended when his

3

employer filed for bankruptcy and he was laid off.[3]  (R. 36, 38-40, 58).

With respect to Plaintiff's alleged disabling condition, the pain in the right side of his buttocks and the pain, numbness and tingling in his right leg began in May 2003 when he stepped over a creek while golfing and heard a "pop" in his buttock.  On December 23, 2003, Plaintiff exacerbated his buttock and leg pain by dragging a deer he had shot while hunting.  (R. 42-43, 114, 135).  Despite constant, severe pain, Plaintiff takes no pain medication because he "[doesn't] like them."  (R. 54).

The medical evidence in Plaintiff's administrative file includes (a) Emergency Room records of Jeannette District Memorial Hospital dated December 23, 2003 (R. 156-62); (b) records of Dr. Subrata Barua for the period June 22, 2004 to July 16, 2004 (R. 163-65); (c) records of Dr. Arthur Androkites dated November 23, 2004 and for the period November 17, 2005 to January 31, 2006 (R. 166-68, 214-20); (d) records of Dr. Edgar Boone, Plaintiff's primary care physician, for the periods November 19, 2004 to March 14, 2005 and June 30, 2005 to March 21, 2006 (R. 175-83, 207-13); and (e) records of Westmoreland Regional Hospital Pain Clinic for the period January 3, 2005 to March 15,

---

[3]Plaintiff's last day of employment as an electrician's helper was December 31, 2002.  (R. 111).  Thus, at the time he allegedly became disabled, Plaintiff had not been employed for a year.

4

2005 (R. 184-206). In addition, Plaintiff's administrative file

includes a Physical RFC Assessment completed by a non-examining

State agency medical consultant on June 2, 2005. (R. 147-54).

## IV. ALJ's Decision

When presented with a claim for Social Security disability

benefits, an ALJ must follow a sequential evaluation process,[4]

which was described by the United States Supreme Court in

Sullivan v. Zebley, 493 U.S. 521 (1990), as follows:

\* \* \*

> Pursuant to his statutory authority to implement the SSI
> Program, (footnote omitted) the Secretary has promulgated
> regulations creating a five-step test to determine whether
> an *adult* claimant is disabled. See Bowen v. Yuckert, 482
> U.S. 137, 140-42 (1987). (footnote omitted). The first two
> steps involve threshold determinations that the claimant is
> not presently working and has an impairment which is of the
> required duration and which significantly limits his ability
> to work. See 20 C.F.R. §§ 416.920(a) through (c)(1989). In
> the third step, the medical evidence of the claimant's
> impairment is compared to a list of impairments presumed
> severe enough to preclude any gainful work. See 20 C.F.R.
> pt. 404, subpt. P, App. 1 (pt. A)(1989). If the claimant's
> impairment matches or is "equal" to one of the listed
> impairments, he qualifies for benefits without further
> inquiry. § 416.920(d). If the claimant cannot qualify
> under the listings, the analysis proceeds to the fourth and
> fifth steps. At these steps, the inquiry is whether the
> claimant can do his own past work or any other work that
> exists in the national economy, in view of his age,
> education, and work experience. If the claimant cannot do
> his past work or other work, he qualifies for benefits.
> §§ 416.920(e) and (f).

\* \* \*

493 U.S. at 525-26.

---

[4]See 20 C.F.R. § 404.1520(a)(4).

With respect to the ALJ's application of the sequential
evaluation process in the present case, steps one and two were
resolved in Plaintiff's favor; that is, the ALJ found that
Plaintiff had not engaged in substantial gainful activity since
his alleged onset date of disability in December 2003 and the
medical evidence established that Plaintiff suffers from the
severe impairment of piriformis syndrome.[5]  (R. 18).  Turning to
step three, the ALJ found that Plaintiff did not have an
impairment or combination of impairments that met or equaled the
requirements of any impairment listed in Part 404, Subpart P,
Appendix 1 of the Social Security Regulations, and, in
particular, Listing 1.02 relating to musculoskeletal disorders.
(R. 19).  Prior to proceeding to step four, the ALJ assessed
Plaintiff's RFC, concluding that Plaintiff retained the RFC to

---

[5]The piriformis muscle is a narrow muscle located in the
buttocks.  Piriformis syndrome is a rare neuromuscular disorder
that occurs when the piriformis muscle compresses or irritates
the sciatic nerve - the largest nerve in the body.  Compression
of the sciatic nerve causes pain - frequently described as
tingling or numbness - in the buttocks and along the nerve, often
down to the leg.  The pain may worsen as a result of sitting for
a long period of time, climbing stairs, walking or running.
Generally, treatment for the disorder begins with stretching
exercises and massage.  Anti-inflammatory drugs may be
prescribed.  Cessation of running, bicycling or similar
activities may be advised.  A corticosteroid injection near where
the piriformis muscle and the sciatic nerve meet may provide
temporary relief.  In some cases, surgery is recommended.  The
prognosis for most individuals with piriformis syndrome is good.
Once symptoms of the disorder are addressed, individuals can
usually resume their normal activities.  www.ninds.nih.gov/
disorders (last visited 12/8/2008).

perform light work as defined in the Social Security Regulations with the following limitations:[6] (a) no more than 4 hours of walking and/or standing in an 8-hour workday; (b) no balancing, crouching or climbing of ladders, ropes or scaffolds; (c) no exposure to cold temperature extremes or extreme wetness and/or humidity; (d) no work at unprotected heights; (e) no more than simple, routine tasks; (f) no more than simple, work-related decisions due to pain; (g) no pushing or pulling with the right lower extremity; and (h) a sit/stand/walk/stretch option for sedentary jobs up to 5 times an hour for no more than 1 minute each time. (R. 19). As to step four, based on the VE's testimony, the ALJ found that Plaintiff's RFC did not preclude the performance of his past relevant work as an electronic equipment assembler. (R. 22-23, 61). Alternatively, at step five, based on the VE's testimony, the ALJ found that considering Plaintiff's age, education, past work experience and RFC, there were a significant number of other jobs in the national economy

---

[6]The Social Security Regulations define light work as follows: "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

which Plaintiff could perform, including the light jobs of a
plastics or medical products inspector and a small parts
assembler and the sedentary job of an electronics assembler.  (R.
23, 62-63).

## V.  Analysis

In support of his motion for summary judgment, Plaintiff,
proceeding *pro se*, asserts:

> "[The ALJ] found that I suffer from the severe impairment of
> piriformis syndrome, which he also suffers from.  He
> empathized with my pain and even offered some suggestions as
> to ways to alleviate the pain.  Although [the ALJ] cited
> negative findings on objective testing as the reason for the
> denial he acknowledged at the hearing, based on his own
> experience that piriformis syndrome is a difficult diagnosis
> to make since it fails to appear on MRI's (sic) and EMG's
> (sic).  [The ALJ] knew I could not perform a job on a day to
> day basis."

(Docket No. 20).

After careful consideration of Plaintiff's entire administrative
file, the Court is compelled to conclude that the ALJ's decision
must be affirmed.

As noted by Plaintiff, the lack of objective medical
evidence to substantiate Plaintiff's complaints of totally
debilitating pain was a factor in the ALJ's conclusion that
Plaintiff was not disabled under the Social Security Act.
However, contrary to Plaintiff's suggestion, it was not the sole
basis for the ALJ's adverse decision.  The ALJ also relied upon

8

the following evidence in Plaintiff's administrative file to

support the denial of his applications for DIB and SSI:

(1) The ALJ noted that Plaintiff was not compliant with

treatment recommendations, *i.e.*, Plaintiff declined his PCP's

suggestion that he try either Bextra or Celebrex again to attempt

to alleviate his pain.[7]  (R. 177).

(2) The ALJ noted that Plaintiff did not comply with his

physical therapy plan, *i.e.*, he did not attend one of the two

recommended stretching sessions following piriformis injections

and he did not return for the final physical therapy session to

be re-evaluated.[8]  (R. 174).

(3) The ALJ noted that despite Plaintiff's statement in a

Daily Activities Questionnaire dated May 26, 2005 that he "can't

even pass a physical - can't do anything any more," Plaintiff's

physical examination on January 31, 2006 by Dr. Arthur

Androkites, a treating physiatrist, showed (a) independent chair/

table transfer, (b) normal heel/toe walk, (c) an independent

squat maneuver, (d) normal muscle strength in the lower

extremities, (e) intact light touch sensation in the lower

extremities, (f) normal deep tendon reflexes in the knees and

ankles, and (g) a negative straight leg raise test bilaterally in

the seated position.  (R. 214).  The ALJ further noted that

---

[7](R. 20).

[8](R. 20).

similar findings were reported by Dr. Androkites following physical examinations of Plaintiff on November 17, 2005, November 23, 2005 and December 14, 2005.[9]  (R. 216-20).

(4) The ALJ noted that in records of Westmoreland Regional Hospital Pain Management Center dated December 28, 2004, January 18, 2005 and March 4, 2005, Plaintiff was described as "well developed, well nourished, does not appear acutely ill and cooperative," his gross motor testing was 5/5 bilaterally, and his gait was normal.[10]  (R. 1887, 193, 204-05).

(5) The ALJ noted that Plaintiff's reported activities of daily living were inconsistent with his complaints of total debilitating pain, *i.e.*, in the Daily Activities Questionnaire completed on May 26, 2005, Plaintiff reported that, although it is a "struggle," he can drive a car, take out the trash, prepare food and cook a meal, use a vacuum cleaner, perform other housework and repairs, go grocery shopping, do laundry, fish, hunt and climb the 13 stairs in his apartment.  (R. 129-31).

(6) The ALJ noted the absence of any medical evidence indicating the presence of muscle atrophy in Plaintiff's lower extremities, suggesting that Plaintiff moves about on a fairly regular basis despite complaints of totally debilitating pain.[11]

---

[9](R. 21).

[10](R. 21).

[11](R. 21).

(7) The ALJ noted Plaintiff's refusal to take pain medication.[12]

(8) The ALJ noted that despite Plaintiff's complaints of totally debilitating pain, he has not required aggressive medical treatment or frequent hospital confinement/emergency room care.[13]

(9) Finally, the ALJ noted that Plaintiff's last job ended when his employer filed for bankruptcy, not due to Plaintiff's inability to perform the job any longer due to pain.[14]

## VI. Conclusion

In sum, there is substantial evidence in Plaintiff's administrative file to support the ALJ's adverse decision in this case. Although the medical evidence establishes that Plaintiff suffers from pain due to piriformis syndrome, as noted by the Commissioner, it is well settled that a claimant need not be pain-free or experiencing no discomfort in order to be found not disabled. Welch v. Heckler, 808 F.2d 264, 270 (3d Cir.1986). Under the circumstances, the ALJ's decision will be affirmed.

William L. Standish
United States District Judge

Date: December 11, 2008

---

[12] (R. 22).

[13] (R. 22).

[14] (R. 22).